UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERI BERNARD JOHNSON,

        Petitioner,

v.                             CASE NO. 2:20-CV-12165
                              HONORABLE  ARTHUR J. TARNOW
                              UNITED STATES DISTRICT JUDGE

RANDEE REWERTS,

        Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION TO DISMISS (ECF No. 7,GRANTING THE MOTION TO AMEND THE PETITION (ECF No. 9) AND THE MOTION TO EXPLAIN FILING DELAY (ECF No. 11), AND SETTING A DEADLINE FOR RESPONDENT TO FILE AN ANSWER ADDRESSING THE MERITS OF THE PETITION**

      This matter is before the Court on respondent's motion to dismiss the petition on the ground that petitioner's application for writ of habeas corpus is barred by the statute of limitations found in 28 U.S.C. § 2244(d)(1).  Petitioner filed a motion explaining the delay and a reply to the motion to dismiss.  Having reviewed the pleadings and the issues raised by petitioner in his habeas application, his motion explaining the delay, and his reply to the motion to dismiss, the Court denies the motion to dismiss.  The Court grants petitioner's motion to amend the petition. Petitioner has ninety (90) days from the date of this order to file an amended petition. The Court sets deadlines for respondent to file an answer addressing the merits of the petition.

1

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time." *Harris v. New York*, 186 F.3d 243, 250 (2d Cir.1999); *See also Cooey v. Strickland,* 479 F. 3d 412, 415-16 (6th Cir. 2007).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied petitioner leave to appeal on September 12, 2017, following the affirmance of his conviction by the Michigan Court of Appeals on direct review. *People v. Johnson*, 501 Mich. 860, 901 N.W.2d 384 (2017). Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date

that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment therefore became final on December 11, 2017, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001). Petitioner had until December 11, 2018 to file his habeas petition in compliance with the one year limitations period, unless the limitations period was somehow tolled.

Petitioner filed his post-conviction motion for relief from judgment with the state trial court on November 19, 2018, after three hundred and forty two days had already elapsed on the one year statute of limitations. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *See McClendon v. Sherman,* 329 F.3d 490, 493-94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford,* 536 U.S. 214, 220 (2002). The tolling of the AEDPA's one year statute of limitations ended in this case when the Michigan Supreme Court denied petitioner's application for leave to appeal the denial of his motion for relief from judgment on June 30, 2020. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988-89 (E.D. Mich. 1999).

Petitioner had twenty three days remaining under the statute of limitations, or until July 24, 2020, to timely file his habeas petition.

Respondent argues that the petition is untimely because it was not filed until July 29, 2020, some five days after the limitations period expired. Although acknowledging the prison mailbox rule, respondent says it is inapplicable because the petition is unsigned and undated.

Petitioner in his reply brief attaches an Expedited Legal Mail form which indicates that he gave his petition to prison authorities to mail to the Court on July 24, 2020, the last day of the limitations period. (ECF No. 12, PageID. 1869). Under the "prison mailbox rule," submissions by *pro se* petitioners are considered filed at the moment of delivery to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988). Petitioner has presented proof that he presented his habeas petition to prison officials on July 24, 2020, and not on July 29, 2020, thus, this Court will accept that date as the filing date, under the prison mailbox rule, and determine that the petition for writ of habeas corpus was timely filed. *See e.g. Miller v. Collins*, 305 F. 3d 491, 497-98 (6th Cir. 2002). Because there is insufficient evidence to conclude that the habeas petition is time barred by the statute of limitations, the Court will deny the motion to dismiss. *See Erwin v. Elo*, 130 F. Supp. 2d 887, 890-91 (E.D. Mich. 2001).

Because petitioner's habeas petition is timely, it is not necessary to address petitioner's equitable tolling arguments. However, the Court notes in passing that assuming that the petition was untimely, the Court would equitably toll the limitations period based on the impediments petitioner faced due to the prison lockdowns and law library shutdowns that were implemented by prison authorities to combat the Coronavirus Pandemic which was in full force at the time that petitioner filed his habeas application with this Court. *See e.g. Brown v. Davis,* 482 F. Supp. 3d 1049, 1058–59 (E.D. Cal. 2020).

Petitioner has filed a motion to amend the petition, which is basically a motion for an extension of time to file an amended petition, in order to properly brief the issues that he raised in his original petition. Petitioner claims that he was unable to properly research and brief the issues that he wishes to present in his petition because of the law library closures and prison lockdowns put into place as a result of the COVID pandemic.

The Court grants petitioner an extension of time to file an amended habeas petition to properly research and brief his claims. A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See e.g. Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998). The Court grants petitioner ninety days from the date of this order to file an amended habeas petition.

Respondent has sixty days from the time that the amended petition is filed, or the deadline to file the amended petition expires, whichever is later, to file an answer that responds to the merits of petitioner's habeas claims. *See Erwin v. Elo*, 130 F. Supp. 2d at 890-91; 28 U.S.C. § 2243.  The Court will also order respondent to provide this Court with any Rule 5 materials that have not already been filed with the Court at the time that it files its answer.  The habeas corpus rules require respondents to attach the relevant portions of the transcripts of the state court proceedings, if available, and the court may also order, on its own motion, or upon the petitioner's request, that further portions of the transcripts be furnished. *Griffin v. Rogers,* 308 F. 3d 647, 653 (6th Cir. 2002); Rules Governing § 2254 Cases, Rule 5, 28 U.S.C. foll. § 2254.

Petitioner shall have 45 days from the receipt of the answer to file a reply brief, if he so chooses. *See Baysdell v. Howes,*  04-CV-73293, 2005 WL 1838443, * 4 (E.D. Mich. Aug. 1, 2005).

### ORDER

Accordingly, the Court **ORDERS** that:

(1) The motion to dismiss (ECF No. 7) is **DENIED.**

(2) Petitioner is **GRANTED** an extension of time to file an amended habeas petition Petitioner has **ninety (90) days** to file an amended petition.

(3)  Respondent has **sixty (60) days** following receipt of the amended petition, or the deadline for filing the amended petition, whichever is later, to file an answer and any additional Rule 5 materials.

(4) Petitioner has **forty five (45) days** to file a reply brief.

                                          s/Arthur J. Tarnow

Dated: September 14, 2021        **HON. ARTHUR J. TARNOW**
                                              **UNITED STATES DISTRICT COURT**